```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| MARIGDALIA K. RAMÍREZ-FORT, MD, | |
| **Plaintiff,** | |
| v. | **Civil. No.** 19-1631 (FAB) |
| DAVID T. MARSHALL, ROCKNE HYMEL, JENNIFER L. HARPER, SHAUNA M. MCVORRAN, DIANA MULLIS, MEDICAL UNIVERSITY OF SOUTH CAROLINA, | |
| **Defendants.** | |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

A researcher and aspiring radio oncologist from Puerto Rico, Dr. Marigdalia K. Ramírez-Fort ("Ramírez"), brings this suit. (Docket No. 4.) According to Ramírez, most of the events in question occurred in South Carolina. Id. at pp. 31–131. Other events allegedly occurred in Indiana, Florida, and Beirut, Lebanon. Id. at pp. 132–35. Defendants Dr. David T. Marshall, Dr. Rockne Hymel, Dr. Jennifer L. Harper, Dr. Shauna M. McVorran, Dr. Diana Mullis, and the Medical University of South Carolina ("MUSC," and together with the other defendants, "defendants")

---

[1] José L. Maymí-González, a third-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

Civil. No. 19-1631 (FAB)                                                  2

move to dismiss the amended complaint based on, among other things, a lack of personal jurisdiction. (Docket No. 13 at pp. 2-3.) For the reasons discussed below, the defendants' motion to dismiss, id., is **GRANTED**, their motion to strike, id. at pp. 3-4, is **VACATED AS MOOT**, and Ramírez's amended complaint, (Docket No. 4,) is **DISMISSED WITHOUT PREJUDICE**. The motion for sanctions, (Docket No. 13,) is **DENIED**.

I.  Factual and Procedural Background

As discussed below, the Court employs *prima facie* review of the personal jurisdiction issue in this case. Consequently, the Court takes as true the well-pled allegations in Ramírez's amended complaint and evidentiary proffers in her responsive filings. LP Solutions LLC v. Duchossois, 907 F.3d 95, 102 (1st Cir. 2018). The Court also considers uncontradicted facts proffered by the defendant. Id.

While studying to become a radio oncologist, Ramírez attended a medical residency program at MUSC. (Docket No. 4 at p. 5.) Ramírez signed two residency contracts with MUSC for years 2017 and 2018. See id. at pp. 41-42. The residency contracts were for yearly terms subject to non-renewal clauses. Id.

MUSC is a public medical school in South Carolina. Id. at p. 22. The remaining defendants are MUSC employees; none is domiciled in Puerto Rico. Id. at pp. 23-27.

Civil. No. 19-1631 (FAB)                                              3

MUSC undertook several activities in Puerto Rico. These include recruiting medical students, id. at p. 18, carrying out a psychological study, id. at p. 17, and collaborating with a state government agency, (Docket No. 20 at pp. 13-14.) None of these activities involved Ramírez. See Docket No. 4 at pp. 17–18; Docket No. 20 at pp. 13–14.

Ramírez alleges that the defendants subjected her to, in summary: racial and gender discrimination; a hostile work environment; retaliatory practices; a disclosure of personal health information; "unreasonable search"; "intentional infliction of emotional/psychological distress"; and breach of contract. (Docket No. 4 at p. 4.) These alleged acts took place mainly in South Carolina while Ramírez attended MUSC's residency program. Id. at pp. 31-131. Ramírez also alleges that, after her departure from MUSC, MUSC defamed her, which prevented her from obtaining a position at other residency programs. See id. at pp. 132-35. These included residency programs in Indiana, Florida, and Beirut, Lebanon. Id.

Ramírez filed a charge against the defendants with the Equal Employment Opportunity Commission ("EEOC") regional office in Puerto Rico. Id. at pp. 17, 19. The defendants did not raise a jurisdictional challenge in their response to the charge. (Docket

No. 20, Ex. 6.)  The EEOC issued a notice of Ramírez's right to sue on May 24, 2019.  (Docket No. 4 at p. 19.)

**II.  Discussion**

    A.  **Waiver, Equitable Estoppel, and Preclusion**

Ramírez argues that the defendants are "precluded (estoppel)" from asserting a jurisdictional challenge in this case because they did not raise the defense at the EEOC.  Id. at p. 17.  The argument fails.

Ramírez seems to be arguing that the defendants waived their personal jurisdiction defense.  "Lack of personal jurisdiction is a privileged defense that can be waived 'by failure [to] assert [it] seasonably, by formal submission in a cause, or by submission through conduct.'" Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 996 (1st Cir. 1983) (quoting Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168 (1939)).  Defendants wishing to assert a defense based on personal jurisdiction "must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading." Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment and Allied Indus. Fund, 967 F.2d 688, 691–92 (1st Cir. 1992) (emphasis and internal quotation marks omitted).

The defendants have seasonably raised the personal jurisdiction defense.  They raised the defense in their first Rule 12 motion and before any answer was filed.  (Docket No. 13.)

Even if the defendants' responsive filing at the EEOC were considered a defensive move—a dubious proposition—"defendants do not waive the defense of personal jurisdiction if it was not available at the time they made their first defensive move." Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983). For the reasons that follow the defense of personal jurisdiction was not available at the EEOC.

The defendants' conduct in the EEOC proceeding does not constitute waiver. At the EEOC, raising this Court's *in personam* jurisdiction would not have been available in those administrative proceedings. "[A]s a general rule, an administrative agency is not competent to determine constitutional issues." Petruska v. Gannon Univ., 462 F.3d 294, 308 (3d Cir. 2006). Determining this Court's personal jurisdiction is beyond the administrators' ken.

Requiring the defendants to have asserted the defense of this Court's personal jurisdiction at the EEOC would also be akin to obliging the defendants to tilt at windmills. How were the defendants to know that Ramírez would bring suit here? This Court, like the Petruska court, is "aware of no authority that requires a defendant to proffer every possible defense or legal argument before the EEOC, much less to raise all constitutional challenges." Id.

The First Circuit Court of Appeals has applied similar reasoning in rejecting the analogous argument that a party forfeited arbitration arguments by not raising them at the EEOC. Brennan v. King, 139 F.3d 258, 263 (1st Cir. 1998). The Brennan court reasoned, among other bases for its holding, that the "arbitration arguments do not constitute relevant defenses before the EEOC." Id. That reasoning applies to this Court's *in personam* jurisdiction. So too does another of the reasons given by the Brennan court—the fact that district courts do not review EEOC determinations. Id. Here, even if the EEOC had reached a determination on this Court's jurisdiction, the Court would not be reviewing that determination, weakening any cause for raising the issue at the EEOC. See id.

Another analogous case from the First Circuit Court of Appeals is Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 45 (1st Cir. 2005). There, the court of appeals held that a defendant did not waive a timeliness defense by not asserting it before the EEOC. Id. The Mercado Court explained that the defendant raised the defense "at its first opportunity in the litigation and it was thus fully preserved." Id. Likewise, in this case, the defendants' first opportunity to challenge this Court's personal jurisdiction was after the case was brought in this Court.

Perhaps what Ramírez intends is to raise an equitable estoppel argument rather than a waiver argument. "Simply stated, equitable estoppel prevents one from denying the consequences of his conduct where that conduct has been such as to induce another to change his position in good faith or such that a reasonable man would rely upon the representations made." Plumley v. S. Container, Inc., 303 F.3d 364, 374 (1st Cir. 2002) (internal quotation marks omitted). Ramírez does no better with equitable estoppel. The defendants' failure to challenge this Court's personal jurisdiction at the EEOC could not have induced Ramírez to file suit here for the reasons noted above.

Finally, Ramírez's argument may be issue preclusion. But that argument would fail too because, during the EEOC proceeding, the issue of personal jurisdiction was not litigated or determined. See Enica v. Principi, 544 F.3d 328, 337 (1st Cir. 2008) (stating elements of issue preclusion).

Therefore, the Court finds that the defendants may challenge the Court's jurisdiction over their persons in this case.

**B.  Personal Jurisdiction**

   **1.  Applicable Law**

The compelling power of a judgment is cemented, *inter alia*, in a court's authority over the defendant. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); United States v. Swiss

Civil. No. 19-1631 (FAB)                                          8

Am. Bank, Ltd., 274 F.3d 610, 617 (1st Cir. 2001).  A plaintiff bears the burden of demonstrating personal jurisdiction over each defendant.  LP Solutions, 907 F.3d at 102.

The personal jurisdiction inquiry differs depending on whether a court has subject matter jurisdiction based on diversity or federal question.  In diversity cases, the constitutional limits of the court's personal jurisdiction are fixed by the Fourteenth Amendment.  Swiss Am. Bank, 274 F.3d at 618.  In federal question cases, those constitutional limits are set by the Fifth Amendment.  Id.

Pursuant to the Fourteenth Amendment, "the exercise of personal jurisdiction must be both authorized by state statute and permitted by the Constitution."  LP Solutions, 907 F.3d at 102. "Puerto Rico's long-arm statute is coextensive with the reach of the Due Process Clause."  Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011).

Pursuant to the Fifth Amendment, "a plaintiff need only show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state."  Swiss Am. Bank, 274 F.3d at 618.  "At the same time, however, the plaintiff must still ground its service of process in a federal statute or civil rule."  Id.

"Service is proper on an individual located outside the forum when a federal statute authorizes service or when that individual would be subject to the jurisdiction of a state court in the state where the federal court is located." Zeus Projects Ltd. v. Pérez y Cia. de P.R., Inc., 187 F.R.D. 23, 28–29 (D.P.R. 1999) (Laffitte, C.J.). Ramírez provides no citation to any nationwide service of process section in the statutes upon which she purports to bring her federal claims—Title VII, Title IX, 42 U.S.C. § 1983, the Equal Pay Act, and HIPAA—and, indeed, seems to concede the absence of any such provision. See Docket No. 20 at pp. 7–9. The Court has not identified any such provisions. See 29 U.S.C. § 206(d); McChan v. Perry, No. 00-2053, 2000 WL 1234844, at *1 (10th Cir. Aug. 31, 2000); Norris v. Okla. City Univ., No. 93-16647, 1994 WL 127175, at *1 (9th Cir. 1994); Khor Chin Lim v. Khoo, Civ. No. 11-0875, 2012 WL 2838398, at *1 (E.D. Wis. July 10, 2012); Gallagher v. Amedisys, Inc., Civ. No. 17-11390, 2018 WL 2223673, at *3 (D. Mass. May 15, 2018). Therefore, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of process is proper if it would be permitted pursuant to Puerto Rico law, an inquiry turning on Puerto Rico's long-arm statute. See Zeus Projects, 187 F.R.D. at 29. The upshot is that "the personal jurisdiction analysis is the same regardless of whether

Civil. No. 19-1631 (FAB)                                          10

the Court construes this case as arising out of federal question or diversity jurisdiction." Gallagher, 2018 WL 2223673, at *3.

To maintain a suit consistent with the Due Process Clause, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Negrón-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 24 (1st Cir. 2007) (quoting Int'l Shoe, 326 U.S. at 316). There are two types of personal jurisdiction, general and specific. Id.

The First Circuit Court of Appeals has divided the specific jurisdiction analysis into a three-pronged test: relatedness, purposeful availment, and reasonableness. Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016). All three prongs must be satisfied. A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 59 (1st Cir. 2016).

In the relatedness prong, the Court looks at the nexus between a plaintiff's claims and the defendants' forum-based activities. Id. "Although this is a relaxed standard, it nevertheless requires us to hone in on the relationship between the defendant and the forum." Id. (internal quotation marks omitted).

The relatedness inquiry focuses on different considerations for purposes of tort-based claims and contract-

based claims. For tort claims, the inquiry "focuses on whether the defendant's in-forum conduct caused the injury or gave rise to the cause of action." Swiss Am. Bank, 274 F.3d at 622. For breach of contract claims, the Court examines "whether the defendant's activity in the forum state was instrumental either in the formation of the contract or its breach." Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2011) (internal quotation marks omitted). "A contract, by itself, cannot automatically establish minimum contacts. Thus, 'prior negotiations and contemplated future consequences, along with . . . the parties' actual course of dealing . . . must be evaluated in determining whether the defendant' has minimum contacts with the forum." Swiss Am. Bank, 274 F.3d at 621 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985)).

A court considering a motion to dismiss for lack of personal jurisdiction may apply one of several standards to determine whether the plaintiff has met its burden. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50-51 (1st Cir. 2002). The most conventional of the three standards is the *prima facie* standard. Id. at 51.

The *prima facie* standard governs when a district court makes a personal jurisdiction determination without holding an evidentiary hearing. See Negrón-Torres, 478 F.3d at 23. Under

Civil. No. 19-1631 (FAB)                                             12

the *prima facie* standard, a plaintiff is only required to have "proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Daynard, 290 F.3d at 51.

   **2. Analysis**

      Ramírez avers that specific jurisdiction exists because her claims arise from, or relate to, two types of MUSC's contacts with Puerto Rico. The first type of contact is the contract between MUSC and Ramírez, a citizen of the Commonwealth of Puerto Rico, along with Ramírez's indication during contract formation that she planned on returning to Puerto Rico. (Docket No. 20 at pp. 9, 17.) The second type of contact is MUSC's activities in Puerto Rico, including MUSC's recruitment efforts, post-Hurricane María psychological research, and collaboration with the Puerto Rico Department of Education. Id. at pp. 13–14.

      As to the tort claims, Ramírez has failed to establish the baseline requisite of a connection between the allegedly tortious acts and the defendants' activities in Puerto Rico. See Swiss Am. Bank, 274 F.3d at 622. The facts which Ramírez claims give rise to the tortious and civil rights violations occurred chiefly while she attended the residency program at South Carolina. (Docket No. 4 at pp. 31–131.) Other events allegedly took place in Indiana, Florida, and Beirut,

Lebanon.  Id. at pp. 132-35.  Furthermore, MUSC's activities in Puerto Rico lack any contact with Ramírez and are detached from her cause of action.  See id. at pp. 17-18; see also Docket No. 20 at pp. 13-14.

The Court also finds that Ramírez fails to establish a nexus between her breach of contract claim and MUSC's activities in Puerto Rico.  Adelson, 510 F.3d at 49; Swiss Am. Bank, 274 F.3d at 621.  Ramírez has not proffered evidence on how MUSC's activities in Puerto Rico were factors in the contract's creation or breach.  Regarding the residency contract's creation and breach, the Court has observed two things.  First, the contract in question was neither made nor signed in Puerto Rico.  See Docket No. 4 at pp. 43, 111.  Second, if the contract was breached, the breach occurred in South Carolina while Ramírez attended MUSC's residency program.  See id. at pp. 12, 159.  Ramírez's assertion that during the contract's creation she notified her intention of returning to Puerto Rico, (Docket No. 20 at p. 17,) is, by itself, insufficient to ground personal jurisdiction in Puerto Rico.

Accordingly, Ramírez's *prima facie* argument for specific jurisdiction does not clear the relatedness hurdle.  The Court need not address the other two prongs.  A Corp., 812 F.3d at 59.

Civil. No. 19-1631 (FAB)                                              14

Ramírez offers no argument in support of general jurisdiction. Ramírez includes a fleeting heading stating that the Court has general jurisdiction but makes no corresponding argument. (Docket No. 20 at pp. 12-15.) Indeed, the content under the heading directs the Court not to consider general jurisdiction, stating that "the District Court will find that it has specific jurisdiction (contract) and therefore, does not have to address the question of general jurisdiction." Id. at p. 13. Ramírez has therefore waived the argument for general jurisdiction. Rodríguez v. Mun. of San Juan, 659 F.3d 168, 175 (1st Cir. 2011). Nonetheless, had general jurisdiction been at issue, the Court would have found it lacking because, among other things, the defendants lack "continuous and systematic" contacts which "render them essentially at home" in Puerto Rico. See Daimler AG v. Bauman, 571 U.S. 117, 122 (2014) (internal quotation marks omitted); see Copia, 812 F.3d at 4.

### III. Other Requested Relief

Defendants also move the Court to strike aspects of the Ramírez's amended complaint. (Docket No. 13 at pp. 3-4.) Given the Court's disposition of the defendants' motion to dismiss, the motion to strike is moot.

Civil. No. 19-1631 (FAB) 15

### IV. Conclusion

For the reasons discussed above, defendants' motion to dismiss, (Docket No. 13 at pp. 2-3,) is **GRANTED**, their motion to strike, id. at pp. 3-4, is **VACATED AS MOOT**, the motion for sanctions, (Docket No. 13,) is **DENIED**, and Ramírez's amended complaint, (Docket No. 4,) is **DISMISSED WITHOUT PREJUDICE**.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 20, 2020.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE